IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ECONOMY PREMIER ASSURANCE
COMPANY,

                Plaintiff,

vs.                                            No. CIV 08-00286 JCH/LFG

KATHARINE CHARTRAND and
RICK CHARTRAND,

                Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' FIRST AMENDED MOTION
TO DISMISS DECLARATORY JUDGMENT ACTION [11]**

       This matter comes before the court on Defendants Katharine & Rick Chartrand's First Amended Motion to Dismiss Declaratory Judgment Action [11]. The court has reviewed the motion and the Memoradum in Support thereof [12], the Response [13] which opposes the motion, and the Reply [15] and Supplemental Reply [19] in support of the motion. After consideration of the arguments of the parties, the court concludes that the defendants' motion is well-taken and will be granted.

       This is a declaratory judgment action filed by plaintiff Economy Premier Assurance Company, seeking a determination of coverage under a homeowners's insurance policy purchased by and issued to defendants. The coverage question arises from claims made in a pending state court lawsuit filed against both plaintiff and defendants herein in the First Judicial District Court, County of Santa Fe case of Waterman v. Chartrand and Economy Premier Assurance Co., Case No. 0101-CV-01669, which was filed on July 12, 2007. The parties herein are represented in the state court case and have participated in the state court action. The plaintiff herein filed this declaratory judgment action on March 18, 2008. Subsequent to the

filing of this lawsuit, the defendants herein sought, and on May 29, 2008 they obtained, leave of the state court to file their Complaint for Declaratory Judgment. The defendants thereafter filed their Third Party Complaint against the plaintiff herein, and that complaint is presumably pending.

Defendants have filed their Motion to Dismiss this declaratory action, arguing that the coverage issue should be decided in the primary action, which here, is the underlying state court case. They primarily argue that the state law coverage claims can and should be litigated in the underlying action, not in a separate proceeding in federal court and also contend the plaintiff waived the filing of a separate declaratory action by participating in the state court litigation. The plaintiff is opposed to dismissal, and argues that its participation in the state court did not constitute a waiver of its right to bring this action; that this court should exercise its discretion to hear this matter; and this declaratory action was properly brought in this court and is not required to be brought in the underlying action.

It is undisputed that this court has jurisdiction to adjudicate the state law claim before it under diversity jurisdiction. 28 U.S.C. § 1332. The question is whether this court should exercise its discretion to hear the case in light of the pending parallel proceeding in state court.

The United States Supreme Court in *Wilton v. Seven Falls,* 525 U.S. 277 (1995) recognized that district courts have discretion whether to declare the rights of litigants. The court said in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Id.,* 288. In analyzing whether a district court should exercise discretion, the Court discussed the non-exclusive, but useful list of factors set out in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491 (1942), such as the scope of the pending state court

proceeding and the nature of the defenses there, whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether the necessary parties are joined, and whether the parties are amenable to process in that proceeding, etc.

The plaintiff also sets forth five factors this court should consider in determining whether or not to exercise its discretionary authority to hear this case:  1) whether the declaratory action would settle the controversy, 2) whether it would serve a useful purpose in clarifying the legal relations at issue, 3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*, 4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction, and 5) whether there is an alternative remedy which is better or more effective.  ***State Farm Fire & Casualty Co. v. Mhoon***, 31 F.3d 979 (10th Cir. 1994).

The court does not agree with plaintiff's contention that the anaylsis of the above factors support the continuation of this declaratory action in federal court.  In fact, the opposite is true.  If this court were to declare that the plaintiff owes coverage to the defendants, then it is not clear that the controversy would indeed be settled.  Under those circumstances, further action could follow in the state court.  Given the fact that the underlying state court action is capable of addressing all issues, including the coverage issue, this court cannot say whether or not this action is being used for the purpose of procedural fencing or to provide an arena for a race to *res judicata.*  Nor can this court say that no friction would result between the federal and state courts, especially where this matter is already proceeding in state court and the controversy involves a matter of state law.  Lastly, as to factor number five, this court concludes the state court provides an alternative remedy which is more effective, given the state law nature of the dispute.

Taking the various factors into consideration, the court concludes dismissal is appropriate. To restate it, it is clear that parallel state proceedings are underway, and complete relief may be obtained in state court. The state law coverage issue presented here can be fully addressed in the state court proceeding. By proceeding in state court, the parties will avoid piecemeal litigation, which is consistent with the preservation of judicial resources, and it is clear that the opportunity is present in state court for the ventilation of the same state law issues.

For the foregoing reasons, the defendants' first amended motion to dismiss declaratory judgment action is hereby **granted.**

_____
Judith C. Herrera
United States District Judge